**Lee ALLEY, Appellant,**

v.

**STATE OF MISSOURI and the Circuit Court of Jackson County, Missouri, Appellees.**

**No. 19864.**

United States Court of Appeals,
Eighth Circuit.

March 25, 1970.

Lee Alley, pro se.

John C. Danforth, Atty. Gen. of Missouri, Jefferson City, Mo., and Dale L. Rollings, Asst. Atty. Gen., for appellees.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

PER CURIAM.

Appellant, a federal prisoner at the Medical Center at Springfield, Missouri, is serving a 5-year sentence imposed on his conviction for violating 18 U.S.C. §§ 371, 656 and 2 (bank fraud). His judgment of conviction was affirmed. [Alley v. United States,] Haggard v. United States, 369 F.2d 968 (8th Cir. 1966), cert. denied, 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967). On February 12, 1969, appellant filed a motion pursuant to 28 U.S.C. § 2255 to vacate and set aside the judgment and sentence. The motion was denied. His appeal from that judgment was submitted to a panel of this court on February 17, 1970.

On June 23, 1969, appellant filed a motion in the United States District Court for the Western District of Missouri "for temporary injunction." Specifically, he sought to enjoin the Circuit Court of Jackson County, Missouri from proceeding in the divorce case filed in that court by his wife, Beverly Alley, who grounded her claim for a divorce

on appellant's conviction of a felony, to-wit: the conviction above referred to. Appellant alleged in his motion for an injunction that the state of Missouri cannot lawfully provide that conviction of a felony entitles the felon's spouse to a divorce. He also alleged in an addendum to his original motion that the divorce proceeding was placing him twice in jeopardy.

The district court, Chief Judge Becker, denied the motion for an injunction, holding:

> "It is fundamental, however, that a convict is necessarily deprived of 'certain. rights and privileges he would otherwise enjoy in the free society, a retraction, justified by considerations underlying our penal system.' Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, [92] 96 L.Ed. 1356. Further, the mere filing of a divorce action, followed by the service of summons on petitioner, does not deprive, or threaten to deprive, him of any federally protected right, * * *."

Although we subscribe to Judge Becker's rationale, we are convinced that the anti-injunction statute, 28 U.S.C. § 2283, stayed the district court's hand and prevented it from granting the relief. This section provides:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Even though it may be said that appellant's claim for relief is based on an alleged deprivation of his civil rights, we find no extraordinary circumstances are presented which would warrant a disregard of the Congressional command of § 2283. See Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), cert. denied, Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965), for an interesting and illuminating discussion of the applicability of § 2283. And as we observed in Euge v. Smith et al., 418 F.2d 1296 (8th Cir. 1969), we find no indication that Congress has "expressly authorized" injunctive relief in a case of the character before us.

The motion wholly fails to state a claim for federal relief and on this record we can perceive of no basis for alleging a violation of any federally protected right. Compare Pilkington v. Pilkington, 389 F.2d 32 (8th Cir. 1968). We believe the Missouri courts are fully competent to litigate any defense appellant may have to the divorce action.

The judgment of the district court is affirmed.