Lee ALLEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20024.

United States Court of Appeals, Eighth Circuit.

May 18, 1970.

Lee Alley, pro se.

Bert C. Hurn, U. S. Atty., and Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

MEHAFFY, Circuit Judge.

Appellant Lee Alley appeals from a denial of his § 2255 motion to vacate his conviction for violating 18 U.S.C. §§ 371, 656 and 2 (conspiracy-bank frauds), involving losses of a bank insured by the Federal Deposit Insurance Corporation through fictitious loans. This court affirmed his conviction in Alley v. United States, 369 F.2d 968 (8th Cir. 1966), cert. denied 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967).[1] The factual background relating to appellant's conviction is set forth in our former opinion (369 F.2d 968).

In his § 2255 motion, Alley alleged (1) improper amendment of the indictment before trial so as to charge a different offense; (2) improper severance of one defendant; (3) inadequate and ineffective assistance of counsel; and (4) improper use of a codefendant's confession.

The case was tried to The Honorable William R. Collinson, Judge of the United States District Court for the Western District of Missouri, who after meticulous consideration denied the motion to vacate the sentence in a well-considered but unreported memorandum opinion. We affirm.

It appears that some of the arguments made by appellant in his pro se brief border on the frivolous. Nevertheless,

1. Rex M. Haggard was a codefendant and coappellant and the case is sometimes cited as Haggard v. United States, 369 F.2d 968 (8th Cir. 1966). Other codefendants who were convicted did not appeal. The case against one codefendant was severed for separate trial. Alley is no stranger to this court, in the interim having moved to enjoin the state court in a divorce action in which we affirmed the United States district court judgment denying the motion for injunction. Alley v. Missouri, 423 F.2d 632 (8th Cir. 1970).

this case demands our closest scrutiny because of appellant's vigorous attack on his retained counsel, asserting that counsel, who also represented appellant's brother-in-law, codefendant Barnes, should have disqualified himself, claiming that in his defense of Barnes he admitted appellant's guilt to the jury in his closing argument. Additionally, since our opinion affirming appellant's conviction the Supreme Court has overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and Bruton has been held to apply retroactively in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). This also invites our most careful attention.

*The Indictment.*

■ The court approved the dismissal of three of appellant's codefendants from Count 1 of the indictment (the conspiracy count) and struck certain overt acts from Count 1. Appellant asserts that this was an improper amendment of the indictment, and thus the trial court did not have jurisdiction to try him until a grand jury returned a new indictment. This court has consistently adhered to the general rule stated in Keto v. United States, 189 F.2d 247, 251 (8th Cir. 1951), to the effect that absent exceptional circumstances the sufficiency of the indictment is not subject to collateral attack. Moore v. United States, 337 F.2d 350 (8th Cir. 1964). Appellant here does not suggest how he could have been prejudiced by the dismissal of Count 1 as to some of his codefendants and the striking as surplusage of some of the overt acts. Nothing emanating from this action on the part of the court could have in any wise affected or prejudiced appellant. The indictment was in no sense broadened. See and compare Stewart v. United States, 395

F.2d 484 (8th Cir. 1968); Thomas v. United States, 398 F.2d 531 (5th Cir. 1967); and United States v. Shipp, 359 F.2d 185 (6th Cir. 1966). This action on the part of the court occurred prior to the trial and, of course, the jury had no knowledge that the codefendants were mentioned in Count 1 or of the alleged overt acts which were stricken.

*The Severance of One Codefendant.*

■ Next, appellant contends there was an improper severance of one of his codefendants as to Counts 13 and 14. It is argued by appellant that this amounted to a directed verdict as to him. These counts in no manner concerned appellant but related to separate transactions. The district court had a perfect right to grant the severance under Fed.R.Crim. P. 14. In this case, there was no possible prejudice and the court acted within its sound discretion.

*Competency of Counsel.*

■ Appellant asserts that his employed counsel, Mr. Kenneth Simon, provided inadequate and ineffective assistance and calls attention to the closing argument of Mr. Simon. This had not been transcribed at the time of appellant's direct appeal, but Judge Collinson subsequently caused it to be transcribed. Judge Collinson found upon a careful reading of the argument that there was no factual basis for the claim that Mr. Simon admitted appellant's guilt or any factual basis for the claim that Mr. Simon did not adequately and effectively represent this defendant during the entire trial of this case. We also have read the transcription of Mr. Simon's argument and completely agree with Judge Collinson's conclusion. Judge Collinson characterizes Mr. Simon as one of the most prominent and experienced lawyers representing criminal defendants in the federal courts in Kansas City.[2] The appellant was well represent-

---

2. In his memorandum opinion, Judge Collinson stated:

"Defendant next complains about inadequate and ineffective assistance of counsel. The defendant and his brother-in-law, Barnes, a codefendant, were represented by employed counsel, Mr. Kenneth Simon, of the Kansas City bar,

ed by competent counsel and his claim to the contrary is without merit.

*The Bruton Issue.*

Finally, appellant complains that it was prejudicial error for the court to allow an FBI agent to testify concerning oral admissions of codefendant Barnes. Neither appellant nor Barnes took the witness stand. This same issue was raised in appellant's direct appeal, and we observed there that appellant's participation in the offenses committed by Barnes was shown by independent evidence and "there was no 'prejudicial spillover effect' on appellant. The confession barely corroborated what the government had already established." Haggard v. United States, *supra*, 369 F.2d at 975. The statement of appellant's brother-in-law, Barnes, that he had signed fictitious names to various notes at the request of this defendant was of no consequence because the government had already proved by proper evidence that the names on the notes were fictitious, that the cars described in the chattel mortgages were not owned by the named owners, and that the addresses and car licenses were fictitious. It matters not who signed the bogus notes and mortgages. The convicting and uncontroverted evidence was that they were in fact fictitious names. Furthermore, the court in addition to its general instructions during the course of the trial specifically instructed that the statements of defendant Barnes were only to be considered in determining his guilt or innocence on the particular counts in which he was charged and not to be considered as evidence against any of the other defendants.

The district court found that the appellant was not deprived of a fair trial in any way or prejudiced at all by the admission of the oral statements of his brother-in-law and codefendant, Barnes, and expressed the view that this case falls squarely within the opinion of the Supreme Court in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). We agree. The evidence against Alley standing uncontradicted was overwhelming. The testimony of Barnes "barely" corroborated what the government had already established by strong and uncontroverted evidence. Aside from its general instructions, the court gave a limiting instruction when Barnes' statement was admitted in evidence.

"The jury will understand that this statement if it contained anything incriminating—of course I don't know what the statement has in it myself—at this stage of the proceedings can only be considered by you in any way as evidence as to Defendant Barnes, and shall not be considered as any evidence as to any other of the defendants named in the indictment."

This court has on several occasions construed the effect of *Bruton* within the context of facts in different cases. Judge Heaney wrote in Caton v. United States, 407 F.2d 367, 372 (8th Cir. 1969):

"The Court noted in *Bruton* that in many cases, ' * * * [I]t is not unreasonable to conclude that * * * the jury can and will follow the trial judge's instructions to disregard such information. * * *'. Bruton v. United States, *supra*, [391 U.S.] at

---

who is one of the most prominent and experienced lawyers representing criminal defendants in the federal courts in Kansas City. The defendant concedes that Mr. Simon is competent, but claims that in his defense of Barnes he admitted this defendant's guilt to the jury in his closing argument. Since the closing arguments were not transcribed on the direct appeal of this case, the

Court has caused Mr. Simon's closing argument to be transcribed by his former court reporter who took it, and has read it carefully; there is absolutely no factual basis for the claim that Mr. Simon admitted this defendant's guilt, nor any factual basis for any claim that Mr. Simon did not adequately and effectively represent this defendant during the entire trial of this case."

135, 88 S.Ct. at 1627. This is such a case."

In Slawek v. United States, 413 F.2d 957, 960 (8th Cir. 1969), Judge Blackmun speaking for this court observed:

"The *Bruton* principle is that the admission, in a joint trial, of a codefendant's confession implicating the defendant in the crime may be violative of the defendant's right of cross examination secured by the Confrontation Clause of the Sixth Amendment despite the trial court's instruction to the jury that it should disregard the confession in determining defendant's guilt or innocence. *Bruton* overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), where the Court had reached the opposite result by a 5 to 4 vote.

"It is apparent from a reading of the *Bruton* opinion that what the Court there stressed was 'substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt' and 'powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant.' 391 U.S. at 126 and 135–136, 88 S.Ct. at 1622 and 1628."

In the later case of Davis v. Sigler, 415 F.2d 1159, 1163 (8th Cir. 1969), this court again speaking through Judge Blackmun said:

"This court has recognized this distinction and has held that the *Bruton* principle must be applied on a case-to-case basis 'with practicality and common sense.' (Citing cases.) We apply this standard to the evidence received in the joint trial."

Applying the above standard to the present case convinces us that there is no prejudicial error and no merit to appellant's claim that he should have been granted a severance from codefendant Barnes or that the statement of Barnes should have been suppressed.

The judgment of the district court is affirmed.