**Rafael Capella RIVERA et al., Petitioners, Appellees,**

v.

**Tomas CONCEPCION, Warden, et al., Respondents, Appellants.**

**No. 72–8024.**

United States Court of Appeals, First Circuit.

Submitted Oct. 27, 1972.

Decided Nov. 6, 1972.

J. F. Rodriguez-Rivera, Acting Sol. Gen. and Americo Serra, Asst. Sol. Gen., for respondents on motion for stay.

Luïs F. Abreu Elias, Rio Piedras, P. R., for petitioners on memorandum in opposition to motion for stay.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Judge.

Petitioners were convicted in the Superior Court of Puerto Rico in August 1970, after some 23 trial days, of violating the Commonwealth's Explosives Law, 25 L.P.R.A. § 492, and for conspiracy, 33 L.P.R.A. § 161. They sought bail pending appeal from the Superior Court, but after a prompt evidentiary hearing this was refused. The Supreme Court of Puerto Rico denied bail in May 1971. In December 1971 petitioners again applied to the Superior Court. In their motion they stated that, although ordered by the court, the transcript of their trial had not been prepared, and that such lengthy incarceration without bail and an opportunity to press their appeal was a denial of due process.

In May 1972, their motion not having been acted upon, petitioners sought habeas corpus in the United States District Court. Alleging that they were good bail risks, being lifelong residents of Puerto Rico with no prior criminal record, that there had been no articulated findings and determination that their appeals were frivolous, and that the court stenographers had yet to commence the preparation of their transcript, petitioners claimed a denial of due process. Not wishing to exercise jurisdiction before petitioners had fully exhausted their local rights, the district court ordered them to make a further application to the Supreme Court of Puerto Rico. Petitioners did this, calling the court's attention to the fact that it was now over two years and the stenographers had yet to commence the transcript. The court denied bail, without a hearing, with the conclusory statement that the appeal was frivolous and that it would be dangerous to the community to allow petitioners to be at large. It did, however, order preferential treatment for the preparation of their transcript.

After this decision, petitioners renewed their claims in the district court and the court entered an order that they be released on bail upon a setting of the amount needed. In support of its order the court cited the decision in United States ex rel. Keating v. Bensinger, D.C. Ill.1971, 322 F.Supp. 784, to the effect that it is a violation of a defendant's Eighth Amendment rights to refuse bail arbitrarily, and that arbitrariness is to be presumed when no supporting reasons were furnished. The Commonwealth sought a stay of this order in this court, and we granted such with a

request for a further report of facts from the district court.

This report has now been received. It shows the following. It is the practice in the Puerto Rico Superior Court to have transcripts prepared in chronological order. At the time petitioners' transcript was requested there were sixteen cases ahead, some of which still remain. We infer that the practice is for the stenographers to prepare transcripts only in such time as is available after their regular courtroom duties. Even with the order of preference, the court found, it is not expected that petitioners' transcript will be completed until May 1973.* Briefs must then be written. Even if the Court were to expedite the hearing it would seem unreasonable (this is our estimate, not the district court's; it made none) to expect a decision before September 1973, at which time petitioners will have been in jail for three years.

This court on a number of occasions has taken the position that since the right to bail pending appeal is not absolute, a request by a defendant for release on bail implies an undertaking to prosecute the appeal expeditiously. Upon a fair showing of lack of diligence we have revoked bail regardless of the merits of the appeal. This rule should work both ways. If an appellate court directly, or through the agency of the trial court, refuses bail to an appellant, there should be an implicit obligation on the part of those in authority to permit, and where necessary to assist, in the prompt prosecution and disposition of the appeal. Thus in Odsen v. Moore, 1 Cir., 1971, 445 F.2d 806, where a state prisoner, over a period of months, wrote to the clerk of court inquiring as to the state of his appeal, protesting that nothing was being done by court-appointed counsel, and was "consistently informed by the clerk that all complaints of inaction must be directed to counsel of

record", we said that this was equivalent to holding a case "under advisement for an unconscionable period, as in Dixon v. Florida, 388 F.2d 424 (5th Cir. 1968) and Morgan v. State of Tennessee, 298 F.Supp. 581 (E.D.Tenn.1969)", and deprived defendant of due process. 445 F.2d at 807.

The district court, picking up the language of "consistently complaining," felt that the Commonwealth had not been derelict because. petitioners had not made a request for preference. It rested its decision to grant bail upon the Puerto Rico courts' failure to live up to the requirements of the *Bensinger* case. At least one member of this court has doubts as to the correctness of *Bensinger*, but none of us has doubts about the correctness of the court's order. We do not attach the significance it did to counsel's failure to request preference. It must be self-evident that a defendant who appeals and who seeks bail pending appeal does not wish to stay in jail, and at the least desires his transcript as quickly as possible. The Puerto Rico courts cannot but be aware of their practice with respect to transcripts, and the general consequences thereof. Moreover, as above appears, the consequences to these particular petitioners were fully brought to their attention.

It is true that the Supreme Court of Puerto Rico has found—although in what manner does not appear —that petitioners' appeals are frivolous. It is also true that the crimes of which petitioners have been found guilty are manifestly reprehensible, and a danger to the community. The finding of guilt, however, so far is only provisional. Petitioners, having appealed, are entitled to have that finding reviewed and their guilt finally passed upon by the full process of law. We, too, do not enjoy the thought of guilty defendants filing frivolous appeals, if that be the case. But two years of total inaction, however

wealth and has left Puerto Rico, making a special problem. It is not, however, the only problem.

**20**

occasioned, while they remain incarcerated seems more than enough. Nor is it to be overcome by a present exercise of diligence and treated as if it had not occurred. Any such rule would mean that a defendant may be freely given improper consideration until the system, or the parties at fault, are caught out. We see no reason to stay further the order of the district court, and we do not. The district court should determine the appropriate amount of bail to assure petitioners' presence. At this stage the Commonwealth is entitled to no more.