369 F.Supp. 75 (1973)
Charles AXELSON, Plaintiff,
v.
Clinton D. SUMMERS, Attorney at Law, Individually and in his capacity as Pros. Atty. of Butler Co., Poplar Bluff, Mo., et al., Defendants.
No. S73 C 91.
United States District Court, E. D. Missouri, Southeastern Division.
December 6, 1973.
*76 Charles Axelson, pro se.
Rush H. Limbaugh, Limbaugh, Limbaugh & Russell, Cape Girardeau, Mo., for defendant Judge Roy McGhee.
Ted M. Henson, Jr., Poplar Bluff, Mo., for defendants Clinton D. Summers and Mary Ellen Axelson.

MEMORANDUM AND ORDER
MEREDITH, Chief Judge.
This matter is pending on the motion of defendants to dismiss. Plaintiff herein is confined in the Missouri State Penitentiary and brings this civil action under the provisions of 28 U.S.C. §§ 1441, 1446, 1343, and 1915, and 42 U.S. C. § 1983, and 18 U.S.C. §§ 241 and 242. He alleges that he is the defendant in a suit for divorce pending in the Circuit Court of Butler County, Missouri, and is being sued by his wife, who he names as a defendant in this cause. Judge McGhee has been assigned to hear the divorce case. He is a circuit judge in the State of Missouri. Defendant Summers is the attorney representing plaintiff's wife in the divorce action, he is also the prosecuting attorney of Butler County, Missouri.
Plaintiff alleges that his wife committed perjury in her verified complaint for divorce and this has been called to the attention of the prosecuting attorney Summers and Circuit Judge McGhee, but that no prosecution has been commenced against Mrs. Axelson. Plaintiff asks this court to enjoin defendants from trying the divorce case or in the alternative to remove the divorce case to the United States District Court, for compensatory damages, and for punitive damages.
At the outset, defendants Judge McGhee and Clinton D. Summers are protected under the well-established doctrine of judicial immunity. See Bradley v. Fisher, 80 U.S. 335, 20 L.Ed. 646 (1871); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Brictson v. Woodrough, 164 F. 2d 107 (8th Cir. 1947); Davis v. McAteer, 431 F.2d 81 (8th Cir. 1970); Smallwood v. United States, 358 F.Supp. 398 (E.D.Mo.1973), and Alley v. State of Missouri, 423 F.2d 632 (8th Cir. 1970). This judicial immunity protects not only *77 judges, but other officers of the court. In addition to the doctrine of judicial immunity, this Court has no jurisdiction to hear a divorce case or to remove a divorce case from the state courts when both parties are citizens of Missouri.
This Court should not interfere in criminal prosecutions or in the inter-workings of the state court in civil matters such as this. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U. S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).
The plaintiff has stated no cause of action against defendant Summers in his capacity as a private attorney or against his wife, Mrs. Axelson, over which this Court has jurisdiction, accordingly,
It is hereby ordered that the cause be and the same is dismissed.