Aureo MORALES ROQUE,
Petitioner, Appellee,

v.

The PEOPLE OF PUERTO RICO,
SUPERIOR COURT, HUMACAO
PART, Respondent, Appellant.

No. 76–1409.

United States Court of Appeals,
First Circuit.

Submitted Oct. 20, 1976.

Decided Nov. 15, 1976.

Roberto Armstrong, Jr., Acting Sol. Gen., San Juan, P. R., and Mario L. Paniagua, Asst. Sol. Gen., San Juan, P. R., on brief for appellant.

Ramon Garcia Garcia, San Juan, P. R., on brief for appellee.

Before COFFIN, Chief Judge, and CAMPBELL, Circuit Judge.

PER CURIAM.

As this court indicated in *Rivera v. Concepcion,* 469 F.2d 17 (1st Cir. 1972), a criminal defendant who is held in custody following his conviction in the trial court of the Commonwealth of Puerto Rico has a right under the fourteenth amendment of the United States Constitution to a reasonably prompt hearing and disposition of his appeal. This right is in no way restricted to cases in which under Commonwealth law the prisoner is entitled to bail pending appeal. The right is conferred in the United States Constitution, and the authority of a federal court to order a prisoner's temporary release on bail if his appeal was unduly

delayed is not in any respect derived from local law.

 It does not follow, however, that in fashioning relief from excessive delay, a federal court should altogether ignore the nonbailable nature under local law of the offense for which the defendant is being held. Considerations of comity and public safety suggest that prisoners being held after conviction for nonbailable offenses such as murder should be ordered released on bail by a federal court only as a final resort, after the Commonwealth is given opportunity to understand that further delay will leave the court no choice but to release the prisoner. Here we believe that the able and conscientious district judge erred in ordering petitioner's immediate release on bail without first giving the Commonwealth a reasonable period within which to rectify the situation. Quite possibly the court misconstrued our decision in *Rivera* as holding that the pendency of an appeal for two years automatically requires an order releasing the defendant on bail. Each case, however, requires consideration of its individual factors, and here at least two significant factors point towards a more studied approach. These are (1) the nonbailable character of the offense under Puerto Rican law, which, while it does not foreclose bail, does suggest that a federal court, as a matter of comity, should order such release only as a last resort; and (2) the existence of some evidence that defendant was himself responsible, in part, for the delay. In a case presenting such factors the district court should balance the Commonwealth's interest in not admitting a convicted defendant to bail against the petitioner's due process right to a reasonably prompt appeal, and weigh the actions of the Commonwealth and the defense which have contributed to the delay. *Cf. Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

In this case, we believe the district court should initially have limited itself to entering a conditional order giving the Commonwealth a period of time, for example six months, to provide petitioner with a transcript and take other designated steps assuring prompt disposition of his appeal, after which period of time, if adequate progress were still not observed, an order admitting defendant to bail would issue.

In the current posture of this case, it is not clear that even a conditional order should be entered. After petitioner filed his motion for bail in the district court but before the court's order admitting him to bail, petitioner at long last received a copy of the transcript, and the appeal from his conviction is now pending before the Supreme Court of Puerto Rico. Petitioner has meanwhile remained imprisoned, this court having stayed the district court's bail order. Assuming the Supreme Court now gives the appeal its prompt attention, federal intervention of any variety may be unnecessary.

We vacate the bail order and remand to the district court, which retains power to issue such future orders, if any, consistent with our views herein as may become necessary to maintain petitioner's right to a prompt appeal.

*Order vacated; case remanded.*