Narciso Rabell MARTINEZ, Francisco Ramirez Vidal, Maria Angelica Fernandez, Andres N. Paniagua de la Cruz, Ricardo Cruz Martinez, Luis A. Torres Feliciano, Lydia Garcia Caballero, Manuel F. Lebron Soto, Federico Fernandez Salgado, Israel Rivera Lopez, Luis Alvarez Lopez, Eleazar Fernandez Diamante, and Edwin Olivero Rodriguez, Petitioners,

v.

The COMMONWEALTH OF PUERTO RICO, San Juan Superior Court, Criminal Section, Hon. Francisco Rebollo Lopez, Superior Judge, Frank Espada Matos, Chief Marshal, Superior Court of Puerto Rico, San Juan Part, Individually and in their official capacity, Defendants.

Civ. No. 76–119.

United States District Court,
D. Puerto Rico.

Aug. 30, 1977.

Luis F. Abreu, Río Piedras, P. R., for petitioners.

Miriam Naveira de Rodón, Sol. Gen., Lirio Bernal de González, Asst. Sol. Gen., San Juan, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This is a Petition for a Writ of Habeas Corpus brought before this Court invoking our jurisdiction pursuant to Title 28, United States Code, Section 2241 et seq., and Title 42, United States Code, Section 1981 et seq. In the Amended Petition for Temporary and Permanent Injunction, Habeas Corpus, and Declaratory Judgment, petitioners seek that a writ of habeas corpus be issued, and that until such a time as a hearing is held in said petition, the lower courts of Puerto Rico be enjoined from continuing criminal processes against them. Petitioners have requested the award of damages' compensation and named as defendants Frank Espada Matos, Marshal for the Superior Court of San Juan; the Commonwealth of Puerto Rico and the Honorable Francisco Rebollo Lopez, Superior Court Judge in the Criminal Part of the San Juan Superior Court.

This case was referred to the U. S. Magistrate, Hon. Juan M. Perez Gimenez for his Report and Recommendation. See Title 28, United States Code, Section 636(b) and *Wingo v. Wedding*, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). The Magistrate summarized the facts of this case as follows:

"On November 10, 1973, the petitioners were ordered arrested by a Judge of the district Court of Puerto Rico. After their arrests, they filed a petition for Habeas Corpus in the Superior Court of Puerto Rico, Bayamon Part, wherein they attacked the illegality of their imprisonment and the determination of probable cause for their arrest. The Superior Court enlarged petitioners on bail in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) each, and the Petition for Habeas Corpus was then transferred to the Superior Court, San Juan Part. After various days of hearings, ten in all, their petition was granted and the Honorable Francisco Rebollo Lopez ordered that the complaints filed against them be dismissed.

The Commonwealth of Puerto Rico timely appealed the decision of Honorable Francisco Rebollo Lopez to the Supreme Court of Puerto Rico. On September 22, 1975, the Supreme Court reversed the Judgment issued dismissing the complaints and ordered the preliminary hearings pending against petitioners, pursuant to Rule 23 of the Rules of Criminal Procedure of the Commonwealth of Puerto Rico, be held. The present petition ensued . . ."

The present case is encompassed within the provisions of Title 28, United States Code, Section 2254, which provides as is herein pertinent:

"State custody; remedies in Federal courts—

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a

State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) *An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.*"

We fail to find that petitioners herein have exhausted their available State remedies. Thus, a jurisdictional requirement is lacking in the present case barring our power to act upon the writ requested.[1]

In their "Opposition to Magistrate's Recommendation" petitioners state that the Magistrate has "foreclosed the federal habeas corpus forum to Puerto Rican people with his sweeping and unrealistic interpretation of the exhaustion doctrine." Petitioners would like us to read the cases of *Rivera v. Concepcion*, 469 F.2d 17 (CA 1 1972); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), as standing for the derived proposition that in the instant case there is no adequate state remedy available and that the exhaustion of State remedies requisite has been complied with.

In *Rivera, supra*, petitioners therein had been convicted in the Superior Court of Puerto Rico after a lengthy trial. They sought bail pending appeal, which was repeatedly refused both by the Superior Court and by the Supreme Court. Pending

the preparation of the transcript of their trial, necessary for the entertainment of the appeal, petitioners remained incarcerated because bail pending appeal had been denied by both the trial and the appellate court.

In *Rivera, supra*, when the delay in the processing of the appeal was brought into scope, it was ascertained that the same was caused by the preparation of the transcript. It was further proved that the transcript would not be ready until seven months later. The Court of Appeals found that two years of total inaction, while petitioners remained incarcerated, was "more than enough" and ordered that bail be set to assure petitioners' presence.

In *Younger v. Harris, supra*, John Harris, Jr., had been indicted in a California State Court, charged with a violation of the California Penal Code, Sections 11400 and 11401, known as the California Criminal Syndicalism Act. Harris then filed a complaint in the Federal District Court asking that court to enjoin Younger, the District Attorney of Los Angeles County, from prosecuting him, and alleging that the prosecution and even the presence of the Act inhibited him in the exercise of his rights of free speech and press, rights guaranteed him by the First and Fourteenth Amendments.

The United States Supreme Court reversed the judgment of the District Court, enjoining appellant Younger from prosecuting under the California statutes, because said action by the Court was ".  .  . a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.*, 401 U.S. at p. 41, 91 S.Ct. at p. 749. It was therein held that courts of equity should not act to restrain a criminal prosecution when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. The Court went on to state:

".  .  . Here a proceeding was already pending in the state court, afford-

---

1. Because we find that we have no jurisdiction because of petitioners' failure to exhaust the available State remedies we do not, at this moment, need to consider whether petitioners are "in custody" within the meaning of the habeas corpus statute.

ing Harris an opportunity to raise his constitutional claims. There is no suggestion that this single prosecution against Harris is brought in bad faith or is only one of a series of repeated prosecutions to which he will be subjected. In other words, the injury that Harris faces is solely 'that incidental to every criminal proceeding brought lawfully and in good faith,' [citations omitted], and therefore under the settled doctrine we have already described he is not entitled to equitable relief 'even if such statutes are unconstitutional.' [citations omitted]." *Id.* at p. 49, 91 S.Ct. at p. 753.

Thus, in *Younger v. Harris, supra,* the Court held that the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good faith attempts to enforce it, and that appellee Harris failed to make any showing of bad faith, harassment, or any other circumstance that would call for equitable relief.

Petitioners state that they have complied with *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) because the Federal claims have been presented in the State courts. In *Picard,* a grand jury returned an indictment against a "John Doe". After respondent's arrest the indictment was amended pursuant to state law to substitute respondent's name for "John Doe". In the State courts, respondent challenged his conviction on the ground that the amending procedure did not comply with the statute. Upon the State court's affirmance of the conviction he subsequently filed a petition for a writ of habeas corpus on the basis that he had been denied equal protection guaranteed to him by the Fourteenth Amendment. The Supreme Court found that respondent had not exhausted his state remedies because the State courts had no fair opportunity to consider and act upon the equal protection claim.

We find that the facts of this case present an *a fortiori* situation when compared with the facts underlying the *Picard* holding. Here petitioners have not yet reached the stage of trial in the State courts. In this respect *Rivera, supra,* is inapposite to this case. In fact, petitioners are pending a preliminary hearing pursuant to Rule 23 of the Rules of Criminal Procedure of the Commonwealth of Puerto Rico, at which stage they can present the Federal claims. In *Picard, supra,* the Court state at page 275, 92 S.Ct. at page 512:

"It has been settled since *Ex parte Royall,* 117 U.S. 241 [6 S.Ct. 734, 29 L.Ed. 868] (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. See, e. g., *Nelson v. George,* 399 U.S. 224, 229, [90 S.Ct. 1963, 1966, 26 L.Ed.2d 578] (1970); *Irvin v. Dowd,* 359 U.S. 394, 404–405, [79 S.Ct. 825, 831–832, 3 L.Ed.2d 900] (1959); *Ex parte Hawk,* 321 U.S. 114, [64 S.Ct. 448, 88 L.Ed. 572] (1944). The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, *Fay v. Noia,* 372 U.S. 391, 419–420, [83 S.Ct. 822, 838–839, 9 L.Ed.2d 837] (1963); *Bowen v. Johnston,* 306 U.S. 19, 27, [59 S.Ct. 442, 446, 83 L.Ed. 455] (1939), 'an accommodation of our federal system designed to give the State the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' *Wilwording v. Swenson,* 404 U.S. 249, at 250, [92 S.Ct. 407, at 408, 30 L.Ed.2d 418.] We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' *Darr v. Burford,* 339 U.S. 200, 204, [70 S.Ct. 587, 590, 94 L.Ed. 761] (1950) (overruled in other respects, *Fay v. Noia,* [372 U.S.] *supra,* at 435–436, [83 S.Ct., at 847–848.]). It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. See, e. g., *Wilwording v. Swenson, supra,* [404 U.S.] at 250, [92 S.Ct., at 407]; *Roberts v. La Vallee,* 389 U.S. 40, 42–43, [88 S.Ct. 194, 196–197, 19 L.Ed.2d 41] (1967);

**1208**

*Brown v. Allen,* 344 U.S. 443, 447–450, [73 S.Ct. 397, 402–404, 97 L.Ed. 469] (1953)." It then went on to say:

". . . The question here is simply whether, on the record and argument before it, the Massachusetts Supreme Judicial Court had a fair opportunity to consider the equal protection claim and to correct that asserted constitutional defect in respondent's conviction. *We think not." Id.* at p. 276, 92 S.Ct. at p. 513. (emphasis added).

Contrary to petitioners' argument, the trilogy of cases which we have discussed point towards a denial of the writ requested because of petitioners' failure to exhaust the State remedies available to them and where they can raise the federal claims pertinent to the actions instituted against them.

Petitioners herein have failed to show that denial of equity relief in this cause would subject them to irreparable and immediate harm. We agree with the Magistrate's analysis in this point to the effect that:

"[t]heir submission to a preliminary hearing under Rule 23 of the Rules of Criminal Procedure of the Commonwealth, available to them with all its fundamental guarantees, and subsequently to a possible trial, does not by itself violate any federally protected right. The hearings pending, or already commenced in the local courts afford the petitioners an excellent opportunity to raise whatever constitutional claims they may have. They may even be able at that stage of the proceedings to successfully attack the government's evidence at the Rule 23 hearing with the result of a negative finding of probable cause." (See Magistrate's Report and Recommendation, filed on March 18, 1976, at page 6).

▇ In the amended petition filed in this case the named defendants are the Commonwealth of Puerto Rico, the Honorable Francisco Rebollo López, Superior Court Judge, and Frank Espada Matos, Marshal in the Superior Court. In said petition a prayer for relief, including a monetary compensation, under the Civil Rights Act, Title 42, United States Code, is included. Under this Act no claims are created that may be asserted against judges acting within the scope of their judicial functions. See *Dear v. Rathje* (D.C.Ill.1975), 391 F.Supp. 1; *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Sullivan v. Kelleher,* 405 F.2d 486 (CA 1, 1968). Defendant Rebollo López was acting in his official judicial capacity when he acted upon petitioners' request and is thus immune from responsibility. Notwithstanding the above, we fail to see why petitioners contend that he violated their civil rights for this was the judge who originally dismissed the complaints filed against petitioners herein, which determination was reversed by the Commonwealth Supreme Court.

▇ The Commonwealth of Puerto Rico is not a person for the purposes of the Civil Rights Act, *supra,* and therefore can not be sued under said statute. See *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The Marshal, Espada Matos, was acting pursuant to the Judge's orders and as such enjoys a quasi-judicial immunity from liability for damages in civil rights suits. See *Gillibeau v. City of Richmond,* 417 F.2d 426 (CA 9 Cir., Cal.1969); *Rhodes v. Meyer,* 334 F.2d 709 (CA 8 Cir., Neb. 1964), certiorari denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186; *Axelson v. Summers,* 369 F.Supp. 75 (D.C.Mo.1973); *Duba v. McIntyre,* 501 F.2d 590 (CA 8 Cir., Neb. 1974).

Wherefore, in view of the foregoing, the petition for habeas corpus and for relief under the Civil Rights Act, *supra,* is hereby dismissed. The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.