873 F.2d 1442
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles WOLFE, Petitioner-Appellant,
v.
Jerry HEDRICK, Warden, Respondent-Appellee.
 No. 89-6506.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1989.
Decided: April 13, 1989.
 
 Charles Wolfe, appellant pro se.
 Richard Riffee (Office of the Attorney General), for appellee.
 Before K.K. HALL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Wolfe, a West Virginia prisoner, appeals the order of the district court dismissing his 28 U.S.C. Sec. 2254 petition. In his petition, Wolfe challenged the two-year delay needed to complete the transcripts of his jury trial. The district court noted that Wolfe had received appellate review and held that the delay did not warrant Wolfe's release. We affirm.
 
 
 2
 In May 1985, Wolfe was convicted of kidnapping and aggravated robbery.[1] Wolfe noted an intention to appeal but the appeal was delayed until the court reporter completed the transcript in April 1987. In December 1987, Wolfe filed a (state) petition for a writ of habeas corpus which was denied in July 1988. On the same day Wolfe's habeas petition was denied, his appointed attorney filed a "petition for a writ of error" in the West Virginia Supreme Court.[2] While his direct appeal was pending, Wolfe filed his Sec. 2254 petition in the district court in September, 1988. On October 17, the West Virginia Supreme Court denied Wolfe's petition for a writ of error.
 
 
 3
 Wolfe hinges his argument for relief on the two-year delay in completing the transcript. We agree that a lengthy delay in completing a transcript may constitute a due process violation. See DeLancy v. Caldwell, 741 F.2d 1246 (10th Cir.1984); United States v. Johnson, 732 F.2d 379 (4th Cir.), cert. denied, 469 U.S. 1033 (1984). Moreover, Wolfe has arguably made such a claim based on the two-year length of delay, the apparent lack of fault on Wolfe's part in causing the delay, and his repeated attempts to vindicate his rights. See Johnson, 732 F.2d at 381-82. Nonetheless, Wolfe is not entitled to relief because his appeal has been heard and found meritless. Id. at 382-83. See also Morales Roque v. Puerto Rico, 558 F.2d 606 (1st Cir.1976).
 
 
 4
 Accordingly, we deny a certificate of probable cause and dismiss Wolfe's appeal.[3] We dispense with oral argument because the dispositive issue recently has been decided authoritatively.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 Wolfe was sentenced to life in prison plus 16 years, to run consecutively
 
 
 [2]
 Three issues were raised: his convictions for kidnapping and aggravated robbery violate the Double Jeopardy Clause; the trial court erred in suppressing the identification of Wolfe by the alleged victim; and the state failed to establish the proper venue for the aggravated robbery charge
 
 
 [3]
 To the extent that Wolfe claims his transcripts are incomplete, we observe that neither his attorney or the West Virginia Supreme Court noted any deficiency in the transcripts. Moreover, Wolfe has not identified any particular portion of the proceedings that was not transcribed. Therefore, this claim is meritless. Cf. Mitchell v. Wyrick, 698 F.2d 940 (8th Cir.) (mere absence of a perfect transcript does not necessarily deny due process), cert. denied, 462 U.S. 1135 (1983)