**Carl Junior HACKATHORN, Petitioner-Appellant,**

v.

**J. E. (Bill) DECKER, Respondent-Appellee.**

**No. 30157.**

United States Court of Appeals, Fifth Circuit.

Feb. 17, 1971.

Phil Burleson, Dallas, Tex., for petitioner-appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before JONES, BELL, and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

This appeal arises from a collateral attack by a state prisoner on a death sentence conviction. The original trial was in 1963. Typical of death row cases where the defendant has been long imprisoned, substantial changes have occurred in the law and in some instances, as here, these supervening legal principles are to be retroactively applied and thus redound to the benefit of the prisoner.

Here appellant claims the benefit of two decisions of the Supreme Court which were rendered subsequent to his conviction and which are retrospective in scope. Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Witherspoon v. Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. In addition, the Jackson v. Denno question is compounded by a refinement put on the principle involved by this court in Texas trials. Although this refinement occurred after an adjudication in this court adverse to appellant on his Jackson v. Denno contention, he now asserts that it is applicable to his claim. The district court denied all relief.

The first issue presented for review has to do with three confessions which were introduced into evidence at the original trial. It is urged that there was no Jackson v. Denno determination by the trial judge as to these confessions having been voluntarily given.

■■ We begin by noting that federal habeas corpus is not a supplementary appeal to test state procedural deficiencies. Federal habeas will not lie unless appellant's statement of the facts surrounding the taking of his confession, if taken to be true, amount to a deprivation of constitutional proportions. Procunier v. Atchley, 1971, 400 U.S. 446, 91 S.Ct. 485, 488, 27 L.Ed.2d 524:

"But those decisions (Jackson v. Denno and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770) did not establish that an applicant for federal habeas corpus is entitled to a new hearing on the voluntariness is-

sue, in either federal or state courts, merely because he can point to shortcomings in the procedures used to decide the issue of voluntariness in the state courts. Our decisions make clear that he must also show that his version of events, if true, would require the conclusion that his confession was involuntary."

The petition before us on this appeal does not allege facts to support the contention that the confessions were involuntary. It merely argues that the procedure used and the standard applied by the Texas trial court do not meet the test of a "* * * reliable and clearcut determination of the facts. * * *" concerning the voluntariness vel non of the confessions as required by Jackson v. Denno, 378 U.S. at 391, 84 S.Ct. at 1788. In Procunier v. Atchley, supra, the record before the Supreme Court contained facts upon which the petitioner was relying, thus enabling that court to resolve the matter by assuming the facts alleged to be true. The record before us contains facts adduced by appellant on the hearing in the district court on the first petition for habeas corpus which are contested but which are adequate to require a ruling under Jackson v. Denno as to the voluntariness of the confessions. We turn then to the procedure followed and the standard applied in the state trial court with regard to the admission of the confessions.

On his first appeal to this court, Hackathorn v. Decker, 5 Cir., 1966, 369 F.2d 150, we held that although

"* * * the judge here did not categorically state that the confessions were voluntarily given * * * the record leaves no doubt that he did, in fact, find from the evidence presented to him on that issue that the confessions were voluntarily given when he overruled defendant's motion to exclude them from evidence." 369 F.2d at 156.

In the subsequent case of Smith v. State of Texas, 5 Cir., 1968, 395 F.2d 958, we disapproved a similar test on the issue of voluntariness where "the judge testified orally on the hearing that while his practice had been to make no announcement of his decision on the issue of voluntariness of a defendant's statement, he had always in fact made one in his own mind. * * *" 395 F. 2d at 961. We went on to hold that this procedure did not meet the test of Sims v. Georgia, 1967, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, where it is said that "* * * although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. * * *" 385 U.S. at 544, 87 S. Ct. at 643.

In the instant case there was no such determination by the trial judge as to the voluntariness of the confessions. We conclude that appellant is entitled to the benefit of Smith v. State of Texas, and we turn to the question whether Jackson v. Denno relief has since been accorded appellant.

There was a hearing in the state trial court on a further petition for habeas relief but that hearing centered on the practice followed in admitting confessions into evidence. It became clear that the trial court did not comply with the Jackson v. Denno test as explicated in Smith v. State of Texas. Nevertheless, relief was denied in both the trial court and the state appellate court. Appellant then filed the petition which gave rise to this appeal.

We hold that appellant is entitled to a post-conviction hearing in the state trial court on the issue of the voluntariness of his confessions at which a clear-cut and reliable determination is to be made as to the facts surrounding the taking of his statements and whether they were voluntary. See Jackson v. Denno, supra, 378 U.S. at p. 395–396, 84 S.Ct. at p. 1790, for the procedure to be followed on the post-conviction hearing. See also Smith v. State of Texas, supra, 395 F.2d at 964. Appellant will be entitled to a new trial unless the judge should find beyond a reasonable doubt that the confessions were voluntary.

Appellant's second contention is that his right to a fair and impartial jury was denied him in light of Witherspoon v. Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. The district court denied relief on this claim while at the same time recognizing that it was very difficult to ascertain what happened in the selection of the jury because the voir dire examination was not recorded.

The evidence in the record before us indicates that of 136 jurors examined in the process of selecting the jury, 32 were challenged for cause because of religious or conscientious scruples against the death penalty. Two lawyer participants in the trial testified, one in the state habeas hearing and the other in the district court hearing. Neither could testify as to how any particular juror was handled on voir dire although each gave his best recollection of the procedure followed. The state trial judge did not testify. It seems clear to us that *Witherspoon* was not followed in the voir dire examination with respect to every juror. The Witherspoon test is as follows:

> "* * * We repeat, however, that nothing we say today bears upon the power of a State to execute a defendant sentenced to death by a jury from which the only veniremen who were in fact excluded for cause were those who made unmistakably clear (1) that they would *automatically* vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial of the case before them, or (2) that their attitude toward the death penalty would prevent them from making an impartial decision as to the defendant's *guilt.* * * *" 391 U.S. at 522, 88 S.Ct. at 1777. (Emphasis in original)

The witnesses, one a prosecutor in the trial and the other of defense counsel, both testified that no determination was made as to each of the jurors being unalterably opposed to capital punishment before excusing them for cause although such a determination was made as to many of them. The district court placed considerable weight on the fact of the state trial judge not finding any irregularity in the application of the *Witherspoon* standard, but as stated, the trial judge did not testify or otherwise indicate factually that the voir dire examination did not depart from *Witherspoon.*

We held in Marion v. Beto, 5 Cir., 1970, 434 F.2d 29 [1970], that if one juror was improperly excluded, the petitioner was entitled to relief. Since it is plain from the record here that at least some of the jurors were improperly excluded, it follows that appellant is entitled to Witherspoon relief. This means that the state may reduce appellant's sentence to life, Marion v. Beto, supra, or may try him anew on the issue of punishment only. See *Witherspoon,* Fn. 21, 391 U.S. at 522, 88 S.Ct. 1770.

We do not reach appellant's claim that he was entitled to a trial bifurcated between guilt or innocence on the one hand and punishment on the other, or that the jury was permitted to impose punishment without adequate standards. See McGautha v. California, 1970, 398 U.S. 936, 90 S.Ct. 1846, 26 L.Ed.2d 267, and Crampton v. Ohio, 1970, 398 U.S. 936, 90 S.Ct. 1847, 26 L.Ed.2d 268, now pending in the Supreme Court on the grant of writs of certiorari. These issues were not presented to the district court. Moreover, the Texas law now requires a bifurcated trial, Art. 37.07, Vernon's Annot. C.C.P., and the relief we today accord may possibly render the bifurcated trial question moot. In any event a present resolution of these questions would be premature.

Reversed and remanded for further proceedings not inconsistent herewith.