Arthur T. ODSEN, Petitioner,

v.

Robert J. MOORE, Superintendent,
Respondent.

No. 71–1184.

United States Court of Appeals,
First Circuit.

June 14, 1971.

Arthur T. Odsen on memorandum, pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner was convicted of a felony in Massachusetts Superior Court on May 17, 1966. On the day of sentencing and again within the month by mail, petitioner allegedly asked his counsel to appeal the conviction, which he did not do. In August of 1968, after writing without success to various legal aid organizations, petitioner filed pro se a writ of error with a single justice of the Massachusetts Supreme Judicial Court. The Massachusetts Defenders Committee was appointed by the court to represent petitioner, but has not, almost three years later, presented the matter as required to the single justice. Petitioner alleges that considerable correspondence with both the Committee and the courts has been of no avail. Understandably chafing at the delay, he sought federal habeas relief in April, 1970, on the ground that he has been denied a review of his case in violation of the Fourteenth Amendment. The federal magistrate, while able to conceive no justification for the dilatoriness of counsel, dismissed the petition because of failure to exhaust available state remedies. The district court affirmed the dismissal and denied petitioner's application for a certificate of probable cause for appeal, a request which petitioner renews before this court.

Generally it would be a sufficient barrier to petitioner that his case had not yet run its course through the state courts. Needel v. Scafati, 412 F.2d 761 (1st Cir. 1969), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113 (1969). Nevertheless, taking all the allegations of the petition at face value,

we confess to a sense of the absurd in saying to one who without success has for nearly three years tried to spur both his court-appointed counsel and, apparently, the courts to action, that he must persevere in perpetuity before he can complain of failure to a federal court.

This case seems to be very close on its alleged facts to Jones v. Crouse, 360 F. 2d 157 (10th Cir. 1966), where eighteen months had expired from the time the prisoner's notice of appeal was filed, the record being silent as to any further action. In that case the court said, at 158:

> "But an inordinate, excessive and inexcusable delay may very well amount to a denial of due process cognizable in federal court. Smith v. State of Kansas, 10th Cir., 356 F.2d 654; Kelly v. Crouse, Warden, 10th Cir., 352 F.2d 506. Without knowing the facts and circumstances giving rise to the delay, the trial court certainly could not properly conclude that the petitioner's state remedies are adequate and effective."

Petitioner here alleges that he repeatedly attempted by letter to seek action from the state court but was consistently informed by the clerk that all complaints of inaction must be directed to counsel of record. From petitioner's point of view, the impasse is as complete as when a case is held under advisement for an unconscionable period, as in Dixon v. Florida, 388 F.2d 424 (5th Cir. 1968) and Morgan v. State of Tennessee, 298 F.Supp. 581 (E.D.Tenn.1969). We remind ourselves that exhaustion refers to remedies, not petitioners. If the facts are as petitioner alleges, requiring him to further seek state relief in some unguided, open-ended way, thereby countenancing further delay, would deprive him of due process of law.

The district court on remand will therefore hold an evidentiary hearing to determine the substance of petitioner's allegations. If the allegations as to counsel's unjustified inaction are not substantiated, this would of course end the matter. Even if those allegations are substantiated but it is found that petitioner did not call the state court's attention to his problem, the district court should not take any positive action. If, however, petitioner's present allegations are substantiated as to both the state court and counsel, the court then faces the question of appropriate relief. In the meantime we would hope that the state court and/or counsel would have taken effective action. But if, by that time, there has still been no action to move petitioner's state proceedings effectively forward, we would feel that the court should no longer stay its hand in the interests of comity.

To say, however, that the court should not stay its hand is easier than to prescribe relief. The fact that petitioner's case and counsel are subject to the supervisory power of a parallel court system deprives a federal court of the wider range of options open to it. On the other hand, precipitately to issue the writ, or even to condition its non-issuance on prompt prosecution of the state appeal by counsel would be to assign a premium to sloth and to reward foot-dragging counsel. It may be that the district court will have no choice but to issue the writ. We do not decide that issue now, but leave it to the district court to fashion a remedy according to the circumstances then existent. We also leave it to the district court to decide whether and at what stage counsel should be appointed in further proceedings.

The certificate of probable cause is granted and, in the light of our opinion, the judgment is vacated and the cause remanded to the District Court for further proceedings.