Benny **REYNOLDS, Jr.**, Petitioner-
Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Divi-
sion of Corrections, State of Florida,
Respondent-Appellee.

No. 30848
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1972.
Rehearing Denied April 20, 1972.

David M. Foster, Jacksonville, Fla.
(Court-appointed), for petitioner-appel-
lant.

Charles Corces, Jr., Asst. Atty. Gen.,
Earl Faircloth, Atty. Gen., Lakeland,
Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief
Judge, and INGRAHAM and RONEY,
Circuit Judges.

PER CURIAM:

Petitioner appeals from the District
Court's refusal to grant § 2254 habeas
corpus relief from his 1967 Florida con-
viction for assault with intent to commit
rape. The District Court dismissed the
petition for failure to exhaust available
state remedies and we affirm.

No direct appeal or other action to ob-
tain post-conviction review was under-

---

* ■ Rule 18, 5 Cir.; See Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5 Cir., 1970, 431 F.2d
409.

taken until the indigent petitioner filed his pro se "Motion to Vacate Judgment and Sentence" in the Circuit Court of Hillsborough County, Florida, on April 29, 1968. Thereafter, on July 22, 1968, petitioner filed a "Motion for Transcript". The Florida Rule 1.850 [now 3.850] 33 F.S.A., Motion to Vacate was denied on August 22, 1968, but the Motion for Transcript was not and has never been acted upon. No appeal was taken from this action.

On December 23, 1968, petitioner filed a second 1.850 Motion to Vacate in the Hillsborough County Circuit Court. After 10 months had passed with no disposition of this motion, petitioner filed his § 2254 application for Federal habeas relief on October 6, 1969. Thereafter, on November 25, 1969, the Florida Circuit Court entered its order denying 1.850 relief, but no appeal was taken to the Florida District Court of Appeals.

■ Admitting that he has not presented his allegations to any Florida court of appellate review, petitioner nonetheless insists that comity requirements of exhaustion of state remedies have been fulfilled in this case since *at the time he filed* his habeas petition, he had no effective avenues of State appellate review available, the Circuit Court having refused to issue an appealable order in his case.

■ Clearly, inordinate delay in the State post-conviction process can, in an appropriate case, render the state remedy ineffective to protect a prisoner's rights, thereby relieving him of the necessity for making further efforts to present his claims to the State courts. Dixon v. Florida, 5 Cir., 1968, 388 F.2d 424; Morgan v. Tennessee, E.D.Tenn., 1969, 298 F.Supp. 581. Indeed, 28 U.S.C.A. § 2254 by its express terms excuses failure to exhaust state remedies where there are "circumstances rendering such process ineffective to protect the rights of the prisoner." Unreasonable delay in passing upon a State post-conviction motion may provide such special circum-stances. Alternatively, a state of exhaustion can be reached by lapse of time alone at some point, as is implicit in the statement from Fay v. Noia, 1963, 372 U.S. 391, 401–402, 83 S.Ct. 822, 9 L.Ed. 2d 837, 846, that the function of Federal habeas corpus relief is to provide applicants with "a prompt" remedy.

On the other hand, the substantive issues urged by petitioner in this case are peculiarly ones of State concern. He complains of an inability to obtain a transcript, the admission at trial of certain allegedly inadmissible and highly prejudicial testimony, the sufficiency of the evidence, and by implication at least, the denial of rights to direct appeal. While it is clear that these contentions, if proved, might rise to a constitutional level involving the denial of due process or equal protection, it is equally true that they are the type of claims which ought first to be presented in a state, rather than a federal, forum. Cf. Hackathorn v. Decker, 5 Cir., 1971, 438 F.2d 1363.

Accordingly, balancing (i) the federalism interests of comity with (ii) the rights of the petitioner, we conclude that in this case the State courts, now available, ought to be allowed to consider these issues further before federal consideration of the merits is appropriate. However, in view of the fact that petitioner has been incarcerated for over four years with absolutely no post-conviction appellate review of his facially substantial contentions, to require him to file a new 1.850 petition at this stage even though that course is available under Florida law and there is no res adjudicata obstacle in Florida, might not afford him a state process effective to protect his rights in the peculiar circumstances of this case. Additionally, the failure to appeal the second denial of 1.-850 relief to the District Court of Appeal within the prescribed time (30 days) undoubtedly resulted from the fact that petitioner's contentions were then before the Federal District Court. Accordingly, we affirm the District Court's order,

but we point out that unless Florida allows and thereafter promptly disposes of an out-of-time appeal from denial of petitioner's second 1.850 Motion to Vacate, petitioner will be deemed to have exhausted his effective State remedies and he may thereafter immediately reinstitute his Federal habeas action.

Affirmed.