Robert M. LAYNE, Petitioner, Appellant,

v.

Frank O. GUNTER, Respondent,
Appellee.

No. 76–1497.

United States Court of Appeals,
First Circuit.

Argued April 5, 1977.

Decided Aug. 4, 1977.

Lois M. Lewis, West Newton, Mass., for appellant.

Joseph P. Gordon, Jr., Asst. Atty. Gen., Crim. Bureau, Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Asst. Atty. Gen., Chief, Criminal Bureau, and Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Section, Boston, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and MILLER,* Judge.

COFFIN, Chief Judge.

This is an appeal from an order of the district court dismissing without prejudice petitioner's application for a writ of habeas corpus. Petitioner had sought the habeas relief on the ground that the Commonwealth of Massachusetts had denied him the right expeditiously to prosecute his appeal of several state court convictions. Although the district court agreed that petitioner's due process rights had been violat-

* Hon. Jack R. Miller, U.S. Court of Customs and Patent Appeals, sitting by designation.

ed, it held that, under the circumstances, there was no reason either to enter affirmative relief or to retain jurisdiction over the case, and it denied the petition without prejudice. We affirm.

On June 19, 1972, following a jury trial in Massachusetts Superior Court, judgments of conviction were entered against petitioner on several indictments. Petitioner thereafter filed a claim of appeal and a motion for authorization of a transcript. Although this latter motion was made on July 12, 1972, it was not allowed until August 11, 1975—after the present proceedings were instituted. Although the granting of this motion put the state court appeal—which was formally revived on June 25, 1976—back on track, petitioner became dissatisfied with his counsel and moved for his withdrawal and for a substitute assignment of errors. At petitioner's request, his state court appeal has been stayed pending final disposition of these matters.

The district court placed the blame for the long delay in the processing of petitioner's motion for authorization of transcript largely on the Superior Court clerk's office and petitioner's prior counsel Pano and partly on petitioner himself. It held, with ample support, that the delay violated due process. *See, e. g., Odsen v. Moore,* 445 F.2d 806 (1st Cir. 1971). But because the state appellate process had been moving forward when petitioner stayed it, the court thought the entry of any affirmative relief inappropriate.[1]

■ Petitioner appears to concede that the district court was not here obliged to remedy the due process violation by releasing petitioner on bail pending final adjudication of the state court appeal. *Compare Rivera v. Concepcion,* 469 F.2d 17 (1st Cir. 1972). A claimant who has been denied due process, who has a present opportunity to secure appellate review, but who has now moved for and received a stay of the appeal pending further proceedings is scarcely in a position to insist on release pending the final state appellate decision. *See Morales Roque v. The People of Puerto Rico,* 558 F.2d 606, at 607 (1st Cir. 1976).[2]

■ Petitioner's principal contention is that the district court should have remedied the due process violation by permitting petitioner to attack his conviction as contrary to federal law, notwithstanding his failure to exhaust his state court remedies under 28 U.S.C. § 2254(b). While such a remedy is often proper, *see e. g., Smith v. Kansas,* 356 F.2d 654 (10th Cir. 1966); *Odsen v. Moore, supra; United States ex rel. Senk v. Brierley,* 471 F.2d 657 (3d Cir. 1973); *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976), we agree it was not appropriate here where the state court appellate processes were presently available to the petitioner.

■ Petitioner argues that to allow the state court to proceed with his appeal is to "countenance" the delay. He cites our words in *Rivera v. Concepcion, supra,* 469 F.2d at 20. "Nor is [the past delay] to be overcome by a present exercise of diligence and treated as if it had not occurred. Any such rule would mean that a defendant may be freely given improper consideration until the system, or the parties at fault, are caught out." We remain of the view that a rule of exoneration by state expedition initiated only after a federal court has blown the due process whistle would be unwise. Equally unwise, however, would be a rule that ignored any attempts by a state to remedy its procedural oversight once a petition for habeas corpus was filed. If the former rule deprives federal habeas corpus of any sanction, the latter deprives states of

1. By denying the petition without prejudice, the district court left no doubt that petitioner may institute a second action if, following the dissolution of the state court stay, there is further interference with petitioner's right to a prompt disposition of his appeal.

2. Petitioner also urges that the district court should have granted bail as an incident to a decision whether his conviction violated federal law. Quite apart from the fact this aspect of petitioner's claim was properly dismissed, *see infra,* petitioner has failed to make the extraordinary kind of showing which would lead us to order petitioner's release on bail. *See Woodcock v. Donnelly,* 470 F.2d 93 (1st Cir. 1972).

any incentive to remedy grievous wrongs at the earliest moment.

It seems to us in any event that in this delicate area of comity, bright line rules are not the answer. The objective is not for one judicial system to score points against the other, but to assure expeditious justice to individuals and to retain all incentives for both the state and federal systems to labor toward that end. Here, quite obviously, nothing was happening in the state system until the petition was filed in July, 1975. But by the time of the final hearings on the petition, in August of 1976, the transcript had been prepared and delivered to counsel, and the appeal was ready for processing in the Appeals Court. Progress was halted at the instance of petitioner, who was not satisfied with counsel or the designation of errors and who wished to proceed pro se. At this point the federal court could give petitioner no more prompt service than the Appeals Court, if, indeed, as prompt consideration. The court's action in dismissing the petition, and in doing so without prejudice, reflected a sensitive appreciation of both the demonstrated availability of the state forum and the guarantee of access to federal court if, for any reason, the state forum again proved unresponsive to petitioner's desire for a prompt disposition of the appeal.

The district court's decision is similar to those reached by other courts under similar circumstances, *see United States ex rel. Senk v. Brierley, supra; Parker v. Texas,* 464 F.2d 572 (5th Cir. 1972); *Reynolds v. Wainwright,* 460 F.2d 1026 (5th Cir. 1972); *Dozie v. Cady,* 430 F.2d 637 (7th Cir. 1970), and fully consistent with our *Odsen v. Moore, supra.* In *Odsen,* we prefaced our discussion of the appropriate remedy by expressing our hope that by the time of our decision both "the state court and/or counsel would have taken effective action." 445 F.2d at 807. Failing such action, the district court would "no longer stay its hand in the interests of comity." *Id.* By contrast, in *Rivera v. Concepcion, supra,* there was not only no past progress in the state proceedings, but no expected decision for almost another year.

*Affirmed.*