**Claude L. BURROW**

v.

**Eileen HOSKIN, Warden, et al.**

**No. 3:90:0013.**

United States District Court,
M.D. Tennessee,
Nashville Division.

March 12, 1990.

Claude I. Burrow, pro se.

Jerry Smith, Office of the Atty. Gen. of Tenn., Nashville, Tenn., for defendants.

### MEMORANDUM

JOHN T. NIXON, District Judge.

The Court is in receipt of the petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. §§ 2241(c) and 2254(a).

### FACTS

The petitioner is presently serving a life sentence at the Middle Tennessee Reception Center. The petitioner alleges that he received his life sentence based upon prior

guilty pleas which were not entered intelligently and voluntarily due to the failure of the state court to notify the petitioner that the guilty pleas could be used against the petitioner in the future to convict the petitioner of being an habitual criminal.

## DISCUSSION

An initial threshold that must be crossed in all habeas corpus cases, prior to a consideration of the merits, is whether the petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c). 28 U.S.C. § 2254(b) and (c) provide:

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In this case the petitioner concedes that he has not exhausted his state remedies. Nonetheless, the petitioner claims that this Court should hear his habeas corpus petition on the grounds that some eight months [1] have elapsed since he filed a petition for post-conviction relief with the Criminal Court of Shelby County, Memphis, Tennessee without any action having been taken thereon.

It is a well established rule that a federal court, considering a habeas corpus petition from a petitioner in custody pursuant to the order of a state court, must generally provide the state with a "fair opportunity" to apply controlling legal principles to the facts bearing upon the habeas corpus petitioner's constitutional claims. *See, Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Nelson v. George,* 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); *Irvin v. Dowd,* 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); *Ex Parte Hawk,* 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944); *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). However, if circumstances exist which render the available state remedies ineffective to protect the rights of a prisoner then the exhaustion requirement does not apply and the federal court is able to consider the merits of the unexhausted claims. 28 U.S.C. § 2254(b).

One such set of circumstances exists if there has been an unreasonable delay in the adjudication of a post-conviction remedy. *Burkett v. Cunningham,* 826 F.2d 1208 (3rd Cir.1987); *Smith v. McCotter,* 786 F.2d 697 (5th Cir.1986); *Johnson v. Cuyler,* 535 F.Supp. 466 (E.D.Pa.1982); *Thompson v. White,* 661 F.2d 103 (8th Cir. 1981); *Breazeale v. Bradley,* 582 F.2d 5 (5th Cir.1978) (habeas petition dismissed on grounds other than failure to exhaust); *Palmer v. Judge & Dist. Atty. Gen. of the Thirteenth Judicial Dist.,* 411 F.Supp. 1029 (W.D.Tenn.1976); *Sapienza v. Vincent,* 534 F.2d 1007 (2nd Cir.1976); *Odsen v. Moore,* 445 F.2d 806 (1st Cir.1971); *Smith v. Kansas,* 356 F.2d 654 (10th Cir. 1966); *Dixon v. State of Florida,* 388 F.2d 424 (5th Cir.1968); and 16 Fed.Proc., L.Ed. § 41:292.

The petitioner, citing to a Memorandum and Order to Show Cause [2] in *Donald Ray Burnette v. Jack Morgan,* 3:88–0843, decided by the late Judge Neese of the Middle District of Tennessee, argues that an eight month delay in the adjudication the petitioner's post-conviction claims is an unreasonable delay. In *Donald Ray Burnette v. Jack Morgan* Judge Neese ordered the defendant to show cause why the defendant should not be required to answer the petitioner's habeas corpus petition. Implicit in

---

**1.** Now nearly ten months.

**2.** The Memorandum Opinion and Order to Show Cause was entered on the docket on October 25, 1989.

Judge Neese's Memorandum and Order to Show Cause was the belief that a six month delay in the adjudication of the petitioner's post-conviction claims by a Tennessee court might be "unreasonable delay."

Other courts, however, have held that delays much longer than six months do not constitute "unreasonable delay." For example, in *Ralls v. Manson*, 503 F.2d 491, 493–94 (2nd Cir.1974) the Court of Appeals held that a three and one-half year delay in processing a Connecticut prisoner's criminal appeal was "not the equivalent of a complete absence of effective state appellate process and therefore does not excuse the failure to exhaust state remedies."

■ This Court finds that, absent compelling circumstances, a six month delay is not "unreasonable delay." However, a delay of one year or more may be "unreasonable delay." This Court hereby ORDERS that this matter is to be placed on the retired docket with leave of the petitioner to reinstate upon either the expiration of one year from the date the petitioner filed the petitioner's appeal for post-conviction relief in state court or upon the exhaustion of the petitioner's state remedies. Upon reinstatement due to the expiration of the one year time period this Court will order the defendant to show cause why the delay in the adjudication of the petitioner's claim for post-conviction relief is not unreasonable. An Order will be entered simultaneously with this Memorandum.