985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Herbert H. DELLENBACH, Petitioner-Appellant,
v.
Thomas H. RICHARDS, Respondent-Appellee.
 No. 92-2093.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 28, 1993.*
Decided Jan. 29, 1993.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, No. 91 C 374, James T. Moody, Judge.
 
 ORDER
 
 1
 Herbert Dellenbach, serving a twenty-nine year sentence in Indiana for theft, attempted theft, conspiracy to commit theft, and corrupt business influence, see Dellenbach v. State, 508 N.E.2d 1309 (Ind.App.1987), appeals the dismissal of his petition for a writ of habeas corpus, without prejudice, for failure to exhaust state court remedies. 28 U.S.C. § 2254. We affirm.
 
 
 2
 Dellenbach argues that the 3 1/2 year delay by the Lake County Superior Court in deciding his postconviction petition was inordinate and unjustified and excused the lack of exhaustion. While cases in this circuit certainly hold that inordinate delays in state procedures may require that the exhaustion requirement be excused, see Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981); Dozie v. Cady, 430 F.2d 637, 638 (7th Cir.1970), the district court did not abuse its discretion in refusing to excuse that requirement here, see Tinder v. Paula, 725 F.2d 801, 805 (1st Cir.1984). Dellenbach's postconviction petition was adjudicated by the Lake County Superior Court during the pendency of this federal action. The barrier to the state appellate process has now been removed. See, e.g., Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir.1987); Schandelmeier v. Cunningham, 819 F.2d 52, 55-56 (3d Cir.1986), cert. denied, 480 U.S. 938 (1987); Seemiller v. Wyrick, 663 F.2d 805, 907 (8th Cir.1981); Thompson v. White, 591 F.2d 441, 443 (8th Cir.1979); Layne v. Gunter, 559 F.2d 850, 851 (1st Cir.1977), cert. denied, 434 U.S. 1038 (1978). As the district court stated, there is no reason to suppose that similar delays will occur during the appeal. Should Dellenbach experience further interference with his right to a prompt disposition of his appeal, he may institute a second action. Layne, 559 F.2d at 851 n. 1 & 852.
 
 
 3
 With respect to Dellenbach's argument that the delay violated his right to due process, he never sufficiently developed it before the district court or this court on appeal, therefore the argument is waived. United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record