February 24, 1993

 UNITED STATES COURT OF APPEALS
 For The First Circuit

 

No. 92-1912

 HERMAN HALL JR.,

 Petitioner, Appellant,

 v.

 SUPERINTENDENT PAUL L. DiPAOLO,

 Respondent, Appellee.

 

 The opinion of this Court issued on February 18, 1993, is
amended as follows:

 On the cover sheet, in the caption, insert a comma after
"HALL".

 Page 6, line 7, insert "of" between "notice appeal".

 Page 9, line 6, " a such" should read "such a".

February 18, 1993

 UNITED STATES COURT OF APPEALS
 For The First Circuit

 

No. 92-1912

 HERMAN HALL, JR.,

 Petitioner, Appellant,

 v.

 SUPERINTENDENT PAUL L. DiPAOLO,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Stahl,
 Circuit Judges.
 

 

 Herman H. Hall, Jr., pro se on Application for Certificate
 
of Probable Cause and brief.

 

 February 18, 1993
 

 Per Curiam. Pro se petitioner Herman Hall, a Massachusetts
 

inmate, seeks a certificate of probable cause to appeal the

dismissal of his second petition for habeas corpus. The district

court adopted the recommendation of a magistrate judge and

dismissed the habeas petition on the ground that Hall failed to

exhaust his state remedies. In so doing, the court relied on the

fact that Hall had previously filed a similar habeas petition

that was dismissed for nonexhaustion. For the reasons discussed

below, we grant the certificate of probable cause and vacate the

dismissal. We remand for consideration of the issue whether

exhaustion has obtained as a result of certain post-conviction

motions that Hall filed in state court.

 I.

 On July 29, 1988, Hall was convicted by a Suffolk Superior

Court jury of larceny of a motor vehicle and burning personal

property. The charges arose from Hall's alleged theft of a

Cadillac from the victims, Earl Fisher and his mother, Lula

Fisher, between January 3-6, 1988. The Massachusetts Appeals

Court affirmed Hall's conviction on direct appeal in an

unpublished decision. See Commonwealth v. Herman H. Hall, Jr.,
 

28 Mass. App. Ct. 1111 (1990). On March 28, 1990, the

Massachusetts Supreme Judicial Court (SJC) denied Hall's

application for further 

appellate review. See 407 Mass. 1101 (1990).1 Hall then turned
 

 

 1We note that Hall, who was represented by appointed counsel
at trial and on appeal, filed pro se briefs with the
 
Massachusetts Appeals Court and Supreme Judicial Court (SJC).
The Appeals Court considered and rejected the arguments raised in
Hall's pro se brief in its decision affirming Hall's conviction.
 

to federal court.

 Hall filed his first habeas corpus petition in June 1990.

The petition, supplemented by multiple filings, raised five

claims:

 (1) that Hall's conviction resulted from evidence
 gained in an unconstitutional search and seizure (i.e.,
 the VX-829 registration);

 (2) that Earl Fisher and another man conspired to "do
 an insurance job" on the car, and, with the help of
 officials from the Boston Fire Department's Arson
 Squad, framed Hall;

 (3) that Hall was unlawfully arrested in Providence by
 Boston Arson Squad officers who, in addition to lacking
 probable cause, had no territorial jurisdiction to
 arrest Hall;

 (4) that the district attorney tricked the jury into
 believing that Hall stole the car and "re-registered"
 it in Rhode Island when, in fact, the car was never
 "re-registered." Hall alleged that the prosecutor
 deliberately misrepresented the facts concerning the
 car's registrations.

 (5) ineffective assistance of counsel based on defense
 counsel's failure to (a) move to suppress the VX-829
 registration evidence, (b) challenge the lawfulness of
 Hall's arrest, (c) call certain witnesses, and (d)
 impeach Earl Fisher. Hall also complained that defense
 counsel helped the district attorney cover-up the Arson
 Squad's misconduct.2

The respondent filed an answer which raised nonexhaustion, inter
 

alia, as an affirmative defense. This defense was specifically
 

 

The SJC did not consider Hall's pro se brief; rather, that court
 
returned Hall's brief to him while advising Hall to have his
counsel raise his claims.

 2In addition to the five claims enumerated above, Hall also
alleged that the only black juror was "terrorized" and that the
prosecution unlawfully erased portions of the tape recordings of
Hall's probable cause hearing.

 -3-
 3

predicated on the assertion that none of Hall's habeas claims

were raised in Hall's direct criminal appeal. The district court

adopted the recommendation of a magistrate judge and dismissed

Hall's habeas petition because none of his claims had been raised

in Hall's application for further appellate review. See Mele v.
 

Fitchburg Dist. Court, 850 F.2d 817, 823 (1st Cir. 1988)(holding
 

"that an appealed issue cannot be considered as having been

fairly presented to the SJC for exhaustion purposes unless the

applicant has raised it within the four corners of the

[application for further appellate review]").3 The district

court granted Hall's request for a certificate of probable cause,

but his appeal from this dismissal order was dismissed as

untimely. Undaunted, Hall filed a second habeas petition with

the district court. This second petition essentially reiterated

the five claims identified above, although the petitions are not

identical twins.4 

 A different magistrate judge recommended that Hall's

second habeas petition be summarily dismissed because it raised

the same claims as his first and Hall still had failed to exhaust

 

 3While the district court did not identify Hall's
ineffective assistance of counsel claim, its finding that none of
Hall's habeas claims were raised within the four corners of his
application for further appellate review remains correct. 

 4Hall's second habeas petition did not allege that the lone
black juror had been terrorized, nor that the prosecution had
erased any tapes. The second habeas petition also challenged the
sufficiency of the evidence at Hall's trial, a claim that was not
presented in his first petition. 

 -4-
 4

his state remedies. The district court adopted this

recommendation and dismissed the petition.5 Thereafter, the

court denied Hall's request for a certificate of probable cause

on the same nonexhaustion ground. Hall has filed a timely notice

of appeal and request for a certificate of probable cause.

 II.

 In answering a habeas corpus petition under 28 U.S.C. 2254,

the respondent is required to "state whether the petitioner has

exhausted his state remedies including any post-conviction
 

remedies available to him under the statutes or procedural rules
 

of the state and including also his right of appeal both from the
 

judgment of conviction and from any adverse judgment or order in
 

the post-conviction proceeding." See Rule 5 of the Rules
 

Governing Section 2254 Cases in the United States District

Courts. (emphasis supplied). The record indicates that Hall

filed two pro se post-conviction motions in the Massachusetts
 

superior court before his direct appeal was resolved. The first

of these raised an ineffective assistance of counsel claim, which

the trial court denied on the merits and Hall did not appeal.

Hall's second post-conviction motion (titled "Motion for new

trial/newly discovered evidence") raised Hall's unconstitutional

 

 5This dismissal order was entered before Hall's objections
to the magistrate judge's report were filed. However, that
report gave Hall ten days from his receipt of the report in which
 
to file his objections. Hall filed his objections on April 6,
1992, within the requisite ten days (excluding weekends as
required by Fed. R. Civ. P. 6(a)) of his alleged receipt of the
report on March 25, 1992.

 -5-
 5

arrest and search and seizure claims, as well as a less

intelligible claim that Hall could not show his evidence to the

jury.6 This motion also was denied by the trial judge. The

record indicates that Hall filed a pro se notice of appeal from
 

this ruling, but no disposition of this appeal is recorded. From

all that appears in the record, it may still be pending. 

 "'[I]n determining whether a remedy for a particular

constitutional claim is "available," the federal courts are

authorized, indeed required, to assess the likelihood that a

state court will accord the habeas petitioner a hearing on the

merits of his claim.'" Carsetti v. Maine, 932 F.2d 1007, 1012
 

(1st Cir. 1991) (quoting Harris v. Reed, 109 S. Ct. at 1046
 

(O'Connor, J., concurring)). Because the respondent overlooked

Hall's post-conviction motions in its original answer to Hall's

first habeas petition, the district court was not able to assess

the likelihood that exhaustion has obtained through Hall's post-

conviction motions. Yet it appears likely that exhaustion has

obtained, if not through Hall's actual presentation of his habeas

claims to the state courts, then by a procedural default. We

explain.

 "[T]he exhaustion doctrine requires that a state defendant

seeking to overturn his conviction on federal grounds first must

 

 6Our descriptions of the substance of Hall's post-conviction
motions are drawn from his habeas petitions. Their procedural
history in the state court is disclosed by the Massachusetts
superior court docket sheet appended to the government's answer
to Hall's first habeas petition.

 -6-
 6

give the state courts 'a fair opportunity' to consider his

claims. (citation omitted). This means that the habeas corpus

petitioner must have presented the substance of his federal

constitutional claim to the state appellate courts so that the

state had the first chance to correct the claimed constitutional

error." Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988),
 

cert. denied, 488 U.S. 1007 (1989). However, exhaustion may be
 

found even where the habeas petitioner has never presented his

federal claims to state court. Such would be the case if, at the

time the habeas petition was filed, there was no longer a state

remedy available due to the petitioner's procedural default. 

 "[A] federal habeas court need not require that a federal

claim be presented to a state court if it is clear that the state

court would hold the claim procedurally barred." Harris v. Reed,
 

489 U.S. 255, 263 n. 9 (1989). Where exhaustion has obtained

through a procedural default, the habeas petitioner must show

cause for that default and prejudice arising therefrom before the

federal court may reach the merits of his habeas claims. See,
 

e.g., Teague v. Lane, 489 U.S. 288, 298 (1989); cf. Church v.
 

Sullivan, 942 F.2d 1501, 1507 n.5 (10th Cir. 1991). In the usual
 

case, victims of a fundamental miscarriage of justice will meet

the "cause plus prejudice" test. See Murray v. Carrier, 477 U.S.
 

478, 495-96 (1986). However, in those rare cases where that is

not so, a federal habeas court may consider a procedurally

defaulted claim absent a showing of cause for the default only

 -7-
 7

where the petitioner demonstrates that his is an "extraordinary

case, where a constitutional violation has probably resulted in

the conviction of one who is actually innocent...." Id. at 496;
 

Thigpen v. Thigpen, 926 F.2d 1003, 1010 n. 17 (11th Cir. 1991). 
 

 Assuming that neither of Hall's post-conviction motions can

be fairly said to have raised his federal habeas claims, Hall is

now in the position of having to file a third post-conviction

motion in state court. Under Massachusetts law, a criminal

defendant may file a motion for post-conviction relief at any

time, however any grounds not raised in a defendant's first such

motion are waived unless (a) the trial judge exercises his

discretion to allow said grounds to be heard on their merits, or

(b) the defendant shows that the new grounds raised in a

successive post-conviction motion could not have been raised in

his first motion. See Massachusetts R. Crim. P. 30. As most of
 

the evidence Hall has submitted in support of his claims appears

to have been available to him when he filed his first post-

conviction motion, it appears likely that he will be held to have

waived his habeas claims upon filing a third motion with the

superior court. See, e.g., Commonwealth v. Deeran, 397 Mass.
 

136, 139 (1986)("[A] defendant must assert all reasonably

available grounds for post-conviction relief in his first rule 30

motion, or those claims are lost....This waiver rule applies

equally to constitutional claims which could have been raised,

but were not raised, in the defendant's original

 -8-
 8

motion.")(internal citations omitted). If the district court

concludes that the Massachusetts courts are likely to so hold,

state review on the merits would no longer be available and

exhaustion could be found. See, e.g., Engle v. Isaac, 456 U.S.
 

107, 125-26 n. 28 (1982). If exhaustion obtains through such a

procedural default, then Hall must show cause for his default and

prejudice arising therefrom before the district court may reach

the merits of his claims. Alternatively, he must show that a

constitutional violation has resulted in his conviction despite

his innocence.

 On the other hand, a finding that Hall has actually

exhausted his state remedies may be warranted if Hall's second

post-conviction motion raised his habeas claims and his appeal

from the denial of that motion has remained pending since 1988

without justification. See Dixon v. Florida, 388 F.2d 424, 425-
 

26 (5th Cir. 1968)(noting that exhaustion may result from lapse

of time where state court record disclosed 19 month delay in

processing of habeas petitioner's post-conviction motion). Cf.
 

Odsen v. Moran, 445 F.2d 806, 807 (1st Cir. 1971) (per curiam)
 

(three year delay in processing of habeas petitioner's direct

criminal appeal may justify setting comity aside and fashioning

remedy according to circumstances). Alternatively, we note that

Hall submitted pro se briefs to the Massachusetts Appeals Court
 

(which considered and rejected his claims) and to the Supreme

Judicial Court (which apparently did not consider Hall's claims,

 -9-
 9

but rather mailed Hall's brief back to him). If these briefs

were submitted in connection with Hall's appeal on his second

post-conviction motion and raised Hall's habeas claims, then Hall

could be held to have exhausted his state remedies by submitting

a pro se brief to the SJC. See Mele v. Fitchburg Dist. Court,
 

850 F.2d at 820, (habeas petitioner "must fairly present - or do
 

his best to present - " habeas claims to state's highest
 

court)(emphasis supplied). After all, exhaustion does not

require that the SJC have addressed or decided Hall's federal

claims. See Gagne v. Fair, 835 F.2d 6, 8 (1st Cir. 1987). I n
 

summation, where the district court did not consider the

possibility that exhaustion may have obtained through Hall's

post-conviction motions, a remand is required. 

 Accordingly, the petitioner's request for a certificate of
 

probable cause is granted. The judgment of dismissal is vacated.
 

The case is remanded for further proceedings consistent with this
 

opinion.
 

 -10-
 10