STATE of Maine

v.

Melvin E. HARPER.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 18, 1996.

Decided April 19, 1996.

**496**

Michael E. Povich, District Attorney and Steven A. Juskewitch, Deputy District Attorney, Ellsworth, for the State.

Patrick C. Larson, Ferm, Collier & Larson, Ellsworth, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Melvin E. Harper appeals from a judgment of conviction entered in the Superior Court (Hancock County, *Smith, J.*) on a jury verdict finding him guilty of two counts of gross sexual assault, 17–A M.R.S.A. § 253 [1] (Supp.1995). Harper contends that it was obvious error for the court to allow a licensed social worker to testify regarding the truthfulness of the victim, the evidence is insufficient to support his conviction, and a delay of thirty months in furnishing the trial transcripts was a denial of his right to due process. We affirm the judgment.

A licensed clinical social worker treated the victim after the allegations of sexual abuse and worked to reunify her with her mother. At trial Harper stipulated that she was an expert in the area of clinical social work. On direct examination the social worker denied telling the victim what to say when she testified. During cross-examination the State asked the social worker if she had an opinion whether the victim is "easily led or persuaded or swayed, coached, [or] rehearsed," and, if so, whether she had a sufficient basis for that opinion. She stated that she did have such an opinion and that she had a sufficient basis. She testified that the victim "constantly checks out facts" and she didn't believe that the victim "would trust anybody without questioning everything." This testimony was admitted without objection.

---

1. "A person is guilty of gross sexual assault if that person engages in a sexual act with another person and ... [t]he other person, not the actor's spouse, has not in fact attained the age of 14 years." 17–A M.R.S.A. § 253(1)(B) (Supp.1995). A "sexual act" is "[a]ny act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other...." 17–A M.R.S.A. § 251(1)(C) (Supp.1995). Actual penetration need not be proved or alleged to show a sexual act. *Id.*

## I.

Harper contends that the admission of the social worker's testimony on cross-examination was obvious error because it had the effect of strengthening the victim's credibility and it was inadmissible pursuant to M.R. Evid. 608(a) [2] because it was not reputation evidence and there had been no prior attacks on the victim's character for truthfulness. The State contends that the social worker's opinion is admissible as expert opinion testimony pursuant to M.R. Evid. 702 [3] and M.R. Evid. 703,[4] as to the victim's susceptibility towards being swayed.

■ Because Harper failed to object to the testimony at trial we review for obvious error. M.R.Crim.P. 52(b); *State v. Weisbrode*, 653 A.2d 411, 415 (Me.1995). Obvious error is error so highly prejudicial that it taints the proceedings and virtually deprives the defendant of a fair trial. *Id.*

■ The social worker's opinion was not admissible pursuant to M.R.Evid. 608(a) because it was not reputation evidence of the victim's character for truthfulness. *See State v. Arnold*, 421 A.2d 932, 937 (Me.1980) (no error in excluding expert opinion of psychologist regarding defendant's truthfulness because it was not "reputation" evidence and there was no prior attack on defendant's truthfulness). The State's attempt to characterize the social worker's testimony as the admissible testimony of an expert witness is meritless.

■ The admission of the social worker's testimony on cross-examination, however, is not obvious error. There was ample evidence that the victim had not been coached. The victim testified that she had not discussed the substance of her testimony with anyone and that when she played the "court game" with the social worker, the social worker never tried to put words in her mouth. On direct examination the social worker testified that she did not practice the victim's testimony with her and never told her what to say. The victim's mother testified that she had not had the opportunity to talk with the victim about the acts of sexual abuse. Also, the victim's great-aunt testified that she did not talk with the victim about sex or the victim's sexual experiences.

## II.

■ Harper next contends that the evidence is insufficient to sustain his conviction. The weight of the evidence and the determinations of witness credibility are the exclusive province of the jury. *State v. Glover*, 594 A.2d 1086, 1088 (Me.1991). "'The uncorroborated testimony of a victim, if not inherently improbable, incredible or lacking a measure of common sense, is sufficient to sustain a verdict for a sexual crime.'" *State v. Reynolds*, 604 A.2d 911, 913 (Me.1992) (quoting *State v. Philbrick*, 551 A.2d 847, 852 (Me.1988)). Based on the evidence viewed in the light most favorable to the State, the evidence is sufficient to establish beyond a reasonable doubt every element of the offense charged. *State v. Taylor*, 661 A.2d 665, 668 (Me.1995) (quoting *State v. Barry*, 495 A.2d 825, 826 (Me.1985)).

The victim's testimony in the instant case was not so contradictory, unreasonable, incredible or so lacking in common sense that it could not sustain the jury's verdict. She explained why she had fabricated another allegation of sexual abuse. She maintained her allegations of abuse on the part of Harper, never denied that he had abused her, and her testimony was consistent throughout

---

2. M.R.Evid. 608(a) states:
   The credibility of a witness may be attacked or supported by evidence of reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

3. M.R.Evid. 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

4. M.R.Evid. 703 states that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing."

direct and cross-examination. *Cf. State v. Sanders*, 460 A.2d 591, 593 (Me.1983) (child's contradictory testimony was insufficient to support conviction).

### III.

Harper finally contends that a delay of thirty months from the time of sentencing to furnishing him with the trial transcripts is a denial of his right to due process guaranteed pursuant to the United States and Maine Constitutions.

■■■ "An excessive delay in furnishing a pre-trial or trial transcript to be used on appeal or for post-conviction relief can amount to a deprivation of due process." *State v. Rippy*, 626 A.2d 334, 339 (Me.1993) (citing *United States v. Pratt*, 645 F.2d 89, 91 (1st Cir.), *cert. denied*, 454 U.S. 881, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); and *Layne v. Gunter*, 559 F.2d 850, 851 (1st Cir.1977), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978)). Appellate delay caused by court reporters are attributable to the State for purposes of deciding whether a defendant has been deprived of due process. *United States v. Luciano–Mosquera*, 63 F.3d 1142, 1158 (1st Cir.1995).

■■■ In order to establish a deprivation of due process Harper must show that the delay resulted in prejudice.[5] *See id.* (mere delay by itself will not amount to a due process violation, defendant must show prejudice resulted from the delay). A thirty month delay in furnishing the trial transcripts is presumptively prejudicial. *See Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir.1980), *cert. denied*, 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981) (assuming without deciding that delay of nearly two years violates due process); *Layne*, 559 F.2d at 851 (delay of over three years constitutes due process violation). Prejudice to the de-

fendant in the case of appellate delay should be evaluated in light of three interests: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Rheuark*, 628 F.2d at 303 n. 8; *see Luciano–Mosquera*, 63 F.3d at 1158 ("Whether an appellate delay results in prejudice sufficient to warrant reversing a conviction rests, most importantly, on a showing that it has impaired the appeal or the defense in the event of retrial.").

■■■ In the instant case Harper is not incarcerated.[6] Although he experienced anxiety over the outcome of his appeal, his appeal is meritless. Thus, he has not demonstrated prejudice as a result of the delay. *See United States v. Johnson*, 732 F.2d 379, 382–83 (4th Cir.), *cert. denied*, 469 U.S. 1033, 105 S.Ct. 505, 83 L.Ed.2d 396 (1984) (although two year delay may have violated due process because defendant's appeal had been heard and found lacking in merit he was not entitled to release).

The entry is:

Judgment affirmed.

All concurring.

---

5. The court in *Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir.1980), *cert. denied*, 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981), stated that "not every delay in the appeal of a case, even an inordinate one, violates due process," rather, there should be an ad hoc evaluation of the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972) relative to speedy trial violations. The four factors are the "'[l]ength of

delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *Rheuark*, 628 F.2d at 303 n. 8 (quoting *Barker*, 407 U.S. at 530, 92 S.Ct. at 2191–92).

6. Harper was sentenced to 8 years on each count concurrent with all but 3 years suspended and 4 years probation. The sentence was stayed pending appeal.