MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 85
Docket:       Kno-14-348
Argued:       June 16, 2015
Decided:      July 14, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

ERIK L. VULTEE

GORMAN, J.

[¶1]  Erik L. Vultee appeals from a judgment of conviction following a jury trial for one count of unlawful sexual contact (Class A), 17-A M.R.S. § 255-A(1)(F-1) (2014); nine counts of unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2014); one count of criminal attempt (Class B), 17-A M.R.S. § 152(1)(B) (2014); one count of visual sexual aggression against a child (Class C), 17-A M.R.S. § 256(1)(B) (2014); one count of sexual misconduct with a child under twelve (Class C), 17-A M.R.S. § 258(1-A) (2014); and one count of unlawful sexual touching (Class D), 17-A M.R.S. § 260(1)(C) (2014), entered by the Superior Court (Knox County, *Hjelm, J.*).  Vultee contends that the court erred in admitting and excluding various pieces of evidence.  Vultee also

2

contends that the court abused its discretion in denying his motion for a new trial. We disagree and affirm.

## I. BACKGROUND

[¶2]  On February 11, 2013, Vultee was indicted for five counts of unlawful sexual contact with penetration (Class A), 17-A M.R.S. § 255-A(1)(F-1); five counts of unlawful sexual contact without penetration (Class B), 17-A M.R.S. § 255-A(1)(E-1); gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C) (2014); visual sexual aggression against a child (Class C), 17-A M.R.S. § 256(1)(B); sexual misconduct with a child under twelve (Class C), 17-A M.R.S. § 258(1-A); and unlawful sexual touching (Class D), 17-A M.R.S. § 260(1)(C).  Vultee pleaded not guilty to all charges, and the court held a jury trial from June 16, 2014, to June 18, 2014.[1]

[¶3]  Viewing the evidence in the light most favorable to the State, the following facts were established beyond a reasonable doubt at trial. *See State v. Reed*, 2013 ME 5, ¶ 9, 58 A.3d 1130.  Vultee is the husband of the victim's great-aunt.  Between 2008 and 2010, when she was eight to ten years of

---

[1]  Based on the evidence that the State presented at trial and in response to Vultee's motion for acquittal, the court permitted the State to amend the indictment, after the State rested, to charge Vultee with one count of unlawful sexual contact with penetration (Class A), 17-A M.R.S. § 255-A(1)(F-1) (2014); nine counts of unlawful sexual contact without penetration (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2014); one count of criminal attempt (Class B), 17-A M.R.S. § 152(1)(B) (2014); one count of visual sexual aggression against a child (Class C), 17-A M.R.S. § 256(1)(B) (2014); one count of sexual misconduct with a child under twelve (Class C), 17-A M.R.S. § 258(1-A) (2014); and one count of unlawful sexual touching (Class D), 17-A M.R.S. § 260(1)(C) (2014).

age, the victim regularly spent time with Vultee at his house while her mother went out to play bingo with Vultee's wife. Although the victim's sister sometimes stayed with the victim at Vultee's home, there were times when the victim was left alone with Vultee. During this timeframe, on more than ten occasions, Vultee brought the victim to his bedroom, where he showed her pornographic videos, made her take off her clothing, and exposed his penis to her. During most of these incidents, Vultee touched the victim's breasts and genitals, or made the victim touch his penis. On one occasion, Vultee penetrated the victim's genitals with his hand. Another time, Vultee attempted to penetrate the victim's genitals with his penis, but the victim pushed him away. Vultee told the victim that he would hurt her if she told anyone about his actions. Despite this threat, the victim did tell her sister that Vultee "touched her in ways that were not okay." The sister told the victim not to tell their mother because their mother worked with Vultee's wife.

[¶4] Around 2012, when the victim was eleven, she began cutting her arms and legs with a razor. Although the victim refused to tell her mother why she was cutting, she did agree to speak with her mother's friend. After the victim disclosed the sexual abuse to her mother's friend, she and her mother's friend shared this information with the victim's mother, and then with Detective Jason Andrews of the Maine State Police. At trial, the victim's mother, the victim's sister, the

4

victim's mother's friend, and Detective Andrews all testified that the victim had told them about Vultee's actions.

[¶5] On June 18, 2014, after listening to two days of trial testimony and deliberating for several hours, the jury found Vultee guilty of all counts. On August 7, 2014, the court sentenced Vultee to twenty-two years in prison, with all but fourteen years suspended, to be followed by fourteen years of probation for Count I, unlawful sexual contact (Class A).[2] Vultee timely appealed pursuant to 15 M.R.S. § 2115 (2014) and M.R. App. P. 2.

## II. DISCUSSION

[¶6] In this appeal, Vultee argues that "each of the State's witnesses' testimony"—approximately forty specific statements—"violated first complaint and other evidentiary law."[3]

[¶7] We begin by noting that Vultee did not object at all during the State's case-in-chief. Nonetheless, Vultee now challenges the admission of the different statements. The strategy Vultee has chosen—appealing numerous evidentiary issues without allowing the trial court, from its superior position, to evaluate those issues—is generally not effective. *See State v. Dolloff*, 2012 ME 130, ¶ 39 n.11,

---

[2] The court also sentenced Vultee to various shorter sentences for the other counts, to be served concurrently with the sentence for Count I.

[3] Vultee also argues that much of the testimony violated one or more of the following evidentiary rules: M.R. Evid. 403, 404(b), 701, 702.

58 A.3d 1032; *State v. Clark*, 2008 ME 136, ¶ 14, 954 A.2d 1066; *State v. Dube*, 522 A.2d 904, 910-11 (Me. 1987) (stating that "[t]he justice's presence throughout the trial afforded him a unique and advantageous perspective in evaluating any prejudicial effect").

[¶8]   Because Vultee did not object at trial to the testimony he now challenges, the admission of such evidence is reviewed for obvious error.  *See State v. Miller*, 1999 ME 182, ¶ 6, 741 A.2d 448 (Me. 1999).  "For an error or defect to be obvious  . . . there must be (1) an error, (2) that is plain, and (3) that affects substantial rights."  *State v. Pabon*, 2011 ME 100, ¶ 29, 28 A.3d 1147.  "If these conditions are met, we will exercise our discretion to notice an unpreserved error only if we also conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings."  *Id*.  "Obvious error is error so highly prejudicial that it taints the proceedings and virtually deprives the defendant of a fair trial."  *State v. Harper*, 675 A.2d 495, 497 (Me. 1996).

[¶9]   We recognize that a defendant's trial strategy may sometimes benefit from the admission of testimony that the defendant could, by objection, prevent the jury from hearing.  This appears to be just such a case, because Vultee's defense focused on demonstrating conflicts in the information that the victim gave different individuals.

6

[¶10]  Although Vultee did not object to the direct testimony from the State's witnesses, during his cross-examination of each witness he was able to demonstrate the differences and inconsistencies among their testimonies, and highlight some changes in the victim's reports.  In addition, while cross-examining the mother's friend, Vultee brought out that the victim's accusations against Vultee were made only after the mother's friend discussed the sexual abuse of her daughters.  Given the tenor of Vultee's cross-examination of the State's witnesses—starting with the victim—the trial judge could have reasonably thought that not objecting to the direct testimony was a defense strategy aimed at gathering as many differing details of the accusations as possible.  As a result, it was not obvious error for the court to refrain from second-guessing a potentially strategic decision by excluding testimony sua sponte.  *See State v. Ricker*, 2001 ME 76, ¶ 11, 770 A.2d 1021 (concluding that no obvious error existed when potentially inadmissible testimony was admitted, without objection, when the defense strategy appeared to be based on the admission of that same testimony).

[¶11]  In addition, without the colloquy between the court and trial counsel that would have occurred if Vultee had objected to the statements at trial, we cannot assess whether any, some, or all of these statements might have been

admitted for some reason other than the reason Vultee has seized upon.[4] Ultimately, we are not persuaded that the admission of any of the statements that Vultee now argues are inadmissible constitutes "error so highly prejudicial that it taints the proceedings and virtually deprives the defendant of a fair trial." *Harper*, 675 A.2d at 497.

[¶12]  We find Vultee's remaining contentions similarly unpersuasive, and, therefore, we affirm.

The entry is:

> Judgment affirmed.

**On the briefs:**

> R. Bradford Bailey, Esq., Brad Bailey Law, P.C., Boston, Massachusetts, and Bradley Lown, Esq., Coughlin, Rainboth, Murphy & Lown, PA, Portsmouth, New Hampshire, for appellant Erik L. Vultee
>
> Geoffrey Rushlau, District Attorney, Prosecutorial District Six, Rockland, for appellee State of Maine

---

[4]  We have recently had occasion to discuss the first complaint rule in some detail.  That opinion also discusses why a victim's statement that is not covered by the first complaint rule could, nonetheless, not be hearsay or could be hearsay that falls within an exception that would permit a court to determine it is admissible for some purpose. *State v. Fahnley*, 2015 ME 82, ¶¶ 16-25, --- A.3d ---.

8

**At oral argument**

R. Bradford Bailey, Esq., for appellant Erik L. Vultee

Geoffrey Rushlau, District Attorney, for appellee State of Maine

Knox County Superior Court docket number CR-2012-340
<small>For Clerk Reference Only</small>